# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**TGT SOFT CORPORATION**
**and THOMAS DIMITRI**

**VERSUS**

**STARDOCK CORPORATION,**
**STARDOCK MEDIA, INC., STARDOCK**
**SOFTWARE, INC., STARDOCK SYSTEMS,**
**INC., and BRADLEY WARDELL**

       **AND**

**STARDOCK SOFTWARE, INC.,**
**STARDOCK CORPORATION, and**
**STARDOCK SYSTEMS, INC.**

**VERSUS**

**TGT SOFT CORPORATION**
**and THOMAS DIMITRI**

**CIVIL ACTION NO.: 04-0107**

**SECTION: K**

**MAGISTRATE: 1**



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  FEB _ 2 2004

LORETTA G. WHYTE
CLERK

## DEFENDANTS' ANSWER TO PETITION
## FOR DECLARATORY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, come Defendants, Stardock

Corporation, Stardock Software, Inc., and Stardock Systems, Inc. (the "Stardock Companies"), who

answer Plaintiffs' Petition for Declaratory Judgment, paragraph by paragraph, as follows:

1.

The allegations contained in Paragraph 1 of Plaintiffs' Petition for Declaratory Judgment

require a legal conclusion. Therefore, no response is required. To the extent this Court requires a

response, The Stardock Companies neither admit nor deny the allegations, being without information

or belief sufficient to form a belief as to the truth thereof, and leaves Plaintiffs to their proofs.

___ Fee_____
___ Process_____
_X_ Dktd _Caa_
___ CtRmDep_____
___ Doc. No. _5_

2.

The allegations contained in Paragraph 2 of Plaintiffs' Petition for Declaratory Judgment require a legal conclusion. Therefore, no response is required. To the extent this Court requires a response, the Stardock Companies neither admit nor deny the allegations, being without information or belief sufficient to form a belief as to the truth thereof, and leaves Plaintiffs to their proofs.

3.

The Stardock Companies admit the allegations in the first sentence. The Stardock Companies deny as untrue the allegations in the second sentence, for the reason that Defendants Stardock Media, Inc. and Wardell do not market their products as alleged by Plaintiffs.

4.

The Stardock Companies admit the allegations.

5.

The Stardock Companies deny the allegations in paragraph 5 as untrue.

6.

The Stardock Companies deny the allegations as untrue.

7.

The Stardock Companies deny as untrue the allegations that TGT Soft "created" Style XP or any other product having value. The Stardock Companies neither admit nor deny the remaining allegations in this paragraph, being without information or belief sufficient to form a belief as to the truth thereof.

8.

The Stardock Companies neither admit nor deny the allegations in this paragraph,
being without information or belief sufficient to form a belief as to the truth thereof.

9.

The Stardock Companies neither admit nor deny the allegations in this paragraph, being
without information or belief sufficient to form a belief as to the truth thereof.

10.

The Stardock Companies admit the allegations.

11.

The Stardock Companies deny the allegations as untrue. The version of Plaintiffs' software
available at the time its Complaint was filed did not create icons or icon packages, did not apply icon
packages, and did not even contain its own icon package format, instead using the Stardock
Companies' IconPackager Theme format for that purpose.

12.

The Stardock Companies deny the allegations as untrue, and because the referenced product
didn't even exist when Plaintiff filed its Petition.

13.

The Stardock Companies deny the allegations as untrue, and for the reason that they do not
fairly and accurately reflect the communications from the Stardock Companies, and because such
written communications speak for themselves. The Stardock Companies further deny as untrue any
implication or allegation that Wardell submitted any E-mail in anything other than his representative
capacity for the Stardock Companies.

3

14.

The Stardock Companies deny the allegations, for the reason that they do not fairly and accurately reflect the communications from The Stardock Companies, and because such written communications speak for themselves. The Stardock Companies further deny as untrue any implication or allegation that Wardell submitted any E-mail in anything other than his representative capacity for the Stardock Companies.

15.

The Stardock Companies admit they transmitted e-mail communications to Plaintiffs asserting Plaintiffs violated the Stardock Companies' rights in valuable copyrighted products. The Stardock Companies deny Plaintiffs' allegations recounting those communications, for the reason that they do not fairly and accurately reflect the communications from the Stardock Companies, and because such written communications speak for themselves. The Stardock Companies further deny as untrue any implication or allegation that Wardell submitted any E-mail in anything other than his representative capacity for the Stardock Companies.

16.

The Stardock Companies admit transmitting e-mail communications to Plaintiffs asserting Plaintiffs violated the Stardock Companies' rights in its valuable copyrighted products. The Stardock Companies deny Plaintiffs' allegations recounting those communications, for the reason that they do not fairly and accurately reflect the communications from the Stardock Companies, and because such written communications speak for themselves. The Stardock Companies further deny as untrue any implication or allegation that Wardell submitted any E-mail in anything other than his representative capacity for the Stardock Companies.

4

17.

The Stardock Companies neither admit nor deny the allegations that "Dimitri did not respond" to the Stardock Companies' "final e-mails," being without information or belief sufficient to form a belief as to the truth thereof.   The Stardock Companies deny the remaining allegations as untrue; there is no evidence that TGT Soft made the changes alleged in paragraph 17 as of the date of its Complaint.

18.

The Stardock Companies deny the allegations as untrue, and because the written communications speak for themselves.

19.

The Stardock Companies admit the allegations, but deny as untrue any implication that the E-mails were submitted by Wardell in anything other than his representative capacity for The Stardock Companies.

20.

The Stardock Companies admits the first sentence.   The Stardock Companies deny the second sentence as untrue.

21.

The Stardock Companies deny Plaintiffs' allegations recounting the referenced E-mail, for the reason that they do not fairly and accurately reflect the communications from The Stardock Companies, and because such written communications speak for themselves.   The Stardock Companies further deny as untrue any allegations that Wardell submitted any E-mail in anything other than his representative capacity for the Stardock Companies.

5

22.

The Stardock Companies deny the allegations as untrue.

23.

The Stardock Companies deny the allegations as untrue.

24.

The Stardock Companies neither admit nor deny the allegations concerning the "denials" of TGT Soft or Dimitri, being without information or belief sufficient to form a belief as to the truth thereof. The Stardock Companies deny as untrue any allegations that TGT Soft has not violated federal or state unfair competition law.

25.

The Stardock Companies neither admit nor deny the allegations concerning the "denials" of TGT Soft or Dimitri, being without information or belief sufficient to form a belief as to the truth thereof. The Stardock Companies deny as untrue any allegations that TGT Soft has not violated federal or state unfair competition law.

26.

The Stardock Companies admit that an actual controversy exists between the Stardock Companies and Plaintiffs. The Stardock Companies deny as untrue any allegation that an actual controversy exists between Plaintiffs and Defendants Stardock Media, Inc. or Bradley Wardell.

27.

The Stardock Companies admit Plaintiffs seek the declaration described in paragraph 27. The Stardock Companies deny as untrue the allegations that Plaintiffs, or either of them, are entitled to the requested relief.

6

## AFFIRMATIVE DEFENSES

1.      Plaintiffs fail to state a cause of action upon which relief can be granted.

2.      Plaintiffs' claims are barred, in whole or in part, by estoppel and unclean hands, since Plaintiffs have wrongfully converted the Stardock Companies' valuable intellectual property rights in their icon packaging products to their own wrongful commercial use, without any justification or authority from the owner of that valuable property.

3.      This Court has no personal jurisdiction over Bradley Wardell or Stardock Media, Inc.

4.      Plaintiffs are not entitled to the relief sought because their products violate the copyrights, trademarks and other valuable rights of the Stardock Companies.

5.      Plaintiffs claims are barred because they have wrongfully removed the copyright notices and other designating features within the Stardock Companies' files and products from their reproduction of those files and programs.

6.      Plaintiffs are not entitled to the relief sought because they are wrongfully "reverse passing off" the software program files developed by the Stardock Companies.

7.      Plaintiffs are not entitled to the relief sought because their products violate the copyrights, trademarks and other valuable rights of Microsoft Corporation and other entities.

8.      Plaintiffs claims are barred by their misrepresented and untrue claims that they do not copy or use the Stardock Companies' files, programs or files in their program.

9.      Plaintiffs' claims are barred by their false designation of origin of the referenced products, in violation of the Lanham Act and applicable federal laws.

10.      Plaintiffs' illegal usage of the Stardock Companies' intellectual property is barred, pursuant to the claims stated by Counter-Complaint filed in this case, seeking relief that includes

7

enjoining all usage of the IconPackager files.

11.     Plaintiffs' claims are barred by their unfair competition in wrongfully seizing and using the Stardock Companies' valuable intellectual property for their own commercial use, without authorization or justification, in violation of state and federal laws.

12.     Plaintiffs' illegal usage of the Stardock Companies' intellectual property causes the Stardock Companies irreparable harm to their intellectual property rights in the program files wrongfully misappropriated by Plaintiffs.

13.     Plaintiffs have not made the changes to their program cited in their Petition for Declaratory Relief.

14.     Plaintiffs have full notice of their misappropriation and infringement of the Stardock Companies' rights, but continue to proceed in defiance of those rights.

15.     The Stardock Companies reserve the right to add additional affirmative defenses as they become apparent.

WHEREFORE, Defendants Stardock Companies pray that this Honorable Court dismiss Plaintiffs' Complaint with prejudice, grant the Stardock Companies the relief sought in the Counter-Complaint filed in this Case, and grant the Stardock Companies such other relief as is just and equitable, including court costs, interests and attorneys' fees.

8

Respectfully Submitted,

**DONOHUE PATRICK**

KIRK A. PATRICK, III (#19728)
HEATHER A. CROSS (#26249)
HOLLY J. QUICK (#27614)
Post Office Box 1629
Baton Rouge, LA 70821-1629
Telephone: 225-214-1908
*Counsel for Stardock Corporation, Stardock*
*Systems, Inc., and Stardock Software, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY** certify that a copy of the above and foregoing has this day been served by

U.S. mail, postage prepaid, to the following counsel of record:

Stephen G. Bullock
Mark E. Jaffe
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130-3588

Baton Rouge, Louisiana, this ___2___ day of ___Feb___, 2004.

HEATHER A. CROSS

9