UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TGT SOFT CORPORATION** <br> **and THOMAS DIMITRI** | **CIVIL ACTION NO.: 04-0107** |
| **VERSUS** | **SECTION: K** |
| **STARDOCK CORPORATION,** <br> **STARDOCK MEDIA, INC., STARDOCK** <br> **SOFTWARE, INC., STARDOCK SYSTEMS,** <br> **INC., and BRADLEY WARDELL** | **MAGISTRATE: 1** |
| **AND** | |
| **STARDOCK SOFTWARE, INC.,** <br> **STARDOCK SYSTEMS, INC., and** <br> **STARDOCK CORPORATION** | |
| **VERSUS** | |
| **TGT SOFT CORPORATION** <br> **and THOMAS DIMITRI** | |



## COUNTER-COMPLAINT

COUNTER-PLAINTIFFS STARDOCK SOFTWARE, INC., STARDOCK SYSTEMS, INC. and STARDOCK CORPORATION (collectively "Stardock"), by its attorneys, R. BRADLEY LAMBERT PLC and DONOHUE PATRICK, state their Counter-Complaint against Counter-Defendants as follows:

### Jurisdictional Allegations
(Incorporated in Each Count)

1.

Counter-Plaintiff Stardock Software, Inc. is a duly organized and existing Michigan corporation, in good standing and operating under the laws of the State of Michigan, with its offices

located in Michigan.

2.

Counter-Plaintiff Stardock Systems, Inc. is a duly organized and existing Michigan corporation, in good standing and operating under the laws of the State of Michigan, with its offices located in Michigan.

3.

Counter-Plaintiff Stardock Corporation is a duly organized and existing Michigan corporation, in good standing and operating under the laws of the State of Michigan, with its offices located in Michigan.

4.

Counter-Defendant TGT Soft Corporation ("TGT Soft") is an Arizona corporation, with its principal offices located in New Orleans, Louisiana.

5.

Counter-Defendant Thomas Dimitri ("Dimitri") is, upon information and belief, the President of TGT Soft, and a resident of New Orleans, Louisiana.

6.

Counter-Defendants initiated this case by filing their Petition for Declaratory Relief on December 15, 2003 in the Civil District Court for the Parish of New Orleans, and serving that Petition on Stardock and the other named Defendants shortly thereafter.

7.

Defendants removed this cause to this Court pursuant to 28 USC § 1441 et seq. on January 14, 2004.

8.

This Counter-Complaint is a compulsory claim against Counter-Defendants under Fed R Civ. P 13(a). Each Counter-Plaintiff was a named defendant in the Petition for Declaratory Relief filed by Counter-Defendants.

9.

This Court has subject matter jurisdiction over the legal issues raised in Plaintiff's Complaint, and several of the claims plead in this Counter-Complaint, including those arising under the Digital Millennium Copyright Act, 17 USC § 1701, et seq., and 11 USC § 1125(a) (False Designation of Origin).

### Common Allegations
### (Incorporated in Each Count)

10.

For the past several years, Stardock has invested substantial sums designing, promoting and supporting its software program and its format, generally known as IconPackager. That work included the laborious process of making the product compatible with the most widely used computer operating system, Windows XP, and the earlier versions, Windows 95, 98, and ME.

11.

Stardock owns IconPackager, and all legal rights pertaining to that program and its files. The opening of many .iptheme files contains the following notice:

> This theme was created for use specifically by IconPackager or explicitly
> authorized by Stardock to use IconPackager themes. This theme may not be
> converted, imported, or read by any program without the explicit written consent
> of Stardock Corporation. The theme itself is owned by the copyright holder (the
> theme author) and use of his or her's intellectual property materials is expressly
> forbidden without the consent of the theme author.

12.

The IconPackager program enables Windows users to change all the icons that appear on the opening computer screen in Windows to different designs of their choosing.

13.

IconPackager is part of Stardock's Object Desktop suite of products.

14.

Stardock sells IconPackager for $14.95 from a web site operated by Stardock Systems, Inc. at www.Stardock.com (the "Stardock Web Site"), and Object Desktop for $49.95 from the same web site.

15.

Presently, tens of thousands of icons are packaged inside of Icon Packages created using the IconPackager program, and are found on many popular theme sites such as Skinbase.org, deviantART.com, Skinz.org, WinCustomize.com, and elsewhere.

16.

Style XP performs some of the same functions as IconPackager.

17.

In mid-November, TGT Soft announced and released its first version of Style XP2.0, which performs the same functions as IconPackager.

18.

In their Petition (¶10), Counter-Defendants describe Style XP 2.0 as a product that "enables users to change the icons that appear on their computer screens ... [it] does not create new icons; it merely provides users with a way to apply new icons to their computer systems."

4

19.

Style XP 2.0 enables its users to load the IconPackager files (under the .iptheme or .ipfile format) as part of its product.

20.

Stardock's proprietary and copyrighted files are used as part of Style XP 2.0 without any attribution to Stardock, or payment of a licensing fee. Program users are simply enabled to acquire and use Stardock's products as part of the Style XP 2.0 package.

21.

TGT Soft sells Style XP 2.0 from its web site.

22.

TGT Soft claims to have developed its own icon translating program, but has not done so, choosing instead to misappropriate Stardock's copyrighted program.

23

TGT Soft leverages the popularity of IconPackager, and the hard work and investment of Stardock put into that program, and uses Stardock's very work to compete directly against Stardock's Object Desktop and IconPackager products.

24.

Stardock discovered TGT Soft's misappropriation of its IconPackager format, files and iconsets within days after TGT Soft released Style XP2.0.

25.

Beginning November 26, 2003, Stardock immediately demanded that TGT Soft cease and desist its misappropriation and conversion of Stardock's intellectual property, including its

IconPackager format and files.

26

Stardock sent TGT Soft several E-mails during the next few weeks, in which Stardock consistently demanded that TGT Soft cease and desist its illegal activities, accused TGT Soft of unfair competition and misappropriation of its intellectual property, and threatened a lawsuit if TGT Soft failed to cease its illegal activities.

27.

Stardock specifically informed Counter-Defendants by E-mail of its copyright in IconPackager, and included a copy of its notice forbidding infringement of the copyright and other legal rights.

28.

Stardock's E-mails were sent by its chief operating officer Brad Wardell, who was at all times acting in his representative capacity for Stardock.

29.

TGT Soft consistently responded by return E-mails disagreeing with Stardock's assertions, and claiming the unfettered right to use and appropriate Stardock's intellectual property.

30.

TGT Soft and Dimitri preempted Stardock's threatened legal action by filing its Petition for Declaratory Relief in Louisiana State Court.

31.

Each of TGT Soft and Dimitri claim in their Petition the unfettered right to copy and use Stardock's icon packaging iconsets under formats misleading the public into believing they have the

right to use and distribute Stardock's intellectual property for their own commercial purposes.

32.

TGT Soft continues to ignore Stardock's cease and desist demands, and allows its product users to download and use Stardock's valuable IconPackager files and intellectual property as a packaged part of its Style XP 2.0 program.

33.

TGT Soft has not created its own icon packaging feature or mechanism to facilitate the primary features of its Style XP 2.0 program.

## COUNT I
## COPYRIGHT INFRINGEMENT

34.

Stardock's copyright in IconPackager and its constituent format and files and elements are protected under the Digital Millennium Copyright Act, 17 USC § 101 et seq.

35.

Stardock owns IconPackager and its constituent format and files and elements.

36.

IconPackager is a properly copyrighted product owned by Stardock and protected under the Federal copyright laws.

37.

Counter-Defendant TGT Soft has copied and misappropriated the iconsets and files within IconPackager for its own commercial use, in violation of Federal copyright laws.

38.

Counter-Defendant TGT Soft has used the copied files to augment and become a part of its own product, Style XP 2.0, which it sells from its web site for profit.

39.

Counter-Defendant TGT Soft's product, Style XP 2.0, is substantially similar to IconPackager and its constituent files and elements.

40.

Dimitri claims in his Petition the right to unfettered use of IconPackager, its constituent files and elements, and petitions for a Declaratory Judgment to that effect.

41.

Counter-Defendant TGT Soft has not changed the files or program of its Style XP 2.0 program, and continues its copyright infringement.

42.

Counter-Defendant's copyright infringement has caused and will continue to cause Stardock damages, and such infringement is subject to and should be enjoined by this Court pursuant to the Copyright Act.

43.

Stardock is entitled to its actual damages or statutory damages in whatever amount is higher, actual attorneys' fees, and the actual profits of Counter-Defendants attributable to the violations, to the extent not included in actual damages, under 17 USC § 1203. The Court may also impound the materials used to undertake and continue such infringement pursuant to 17 USC § 503.

## COUNT II
## FALSE DESIGNATION OF ORIGIN

44.

Section 43(a) of the Lanham Act, 15 USCS § 1125, bars any person from using "any word, term, name, symbol, or device, or any combination thereof" in a manner likely to "cause confusion as to the origin, sponsorship or approval of his or her goods," to "deceive as to the affiliation, connection, or association of such person with another person," or "to misrepresent in commercial advertising or promotion" the nature or quality of his or another person's goods.

45.

Any person violating Section 43(a) of the Lanham Act is liable in damages for violation of the Act.

46.

Counter-Defendant TGT Soft violates Section 43(a) of the Lanham Act by appropriating Stardock's intellectual property for its own use and promotion to its customers, under conditions designed to confuse users as to the true origin of such products, and Stardock's rights in and to the files and intellectual property misappropriated and promoted by TGT Soft.

47.

Counter-Defendant Dimitri has caused TGT Soft to engage in the ongoing violation of the Lanham Act, and, upon information and belief, has authorized the use of his equipment and property to continue the continuous ongoing violation.

48.

Counter-Defendants' violations of Section 43(a) of the Lanham Act have caused Stardock damages they are entitled to recover under the Act, and also untold damages in the untraceable

distribution of its products among Internet users, which activity should be enjoined. Stardock is entitled to its actual damages or statutory damages, whichever is higher, Counter-Defendants' profits from the falsely designated origin of its products, and actual attorneys fees, under 15 USCS § 1117.

### COUNT III
### UNFAIR COMPETITION

49.

The Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, et seq., prohibits Counter-Defendants from employing any "unfair methods of competition," or "unfair or deceptive acts or practices in the conduct of any trade or commerce" in their use and sale of products from Louisiana.

50.

Counter-Defendants have violated the Louisiana Act by wrongfully misappropriating and using Stardock's intellectual property without authorization, and in selling and distributing that property from its web site.

51.

Counter-Defendants' conversion of Stardock's intellectual property for their own commercial purposes constitutes an unfair or deceptive act in trade or commerce, in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law.

52.

Counter-Defendants should be enjoined from continuing these unfair trade practices, and are further liable under the Louisiana Unfair Trade Practices and Consumer Protection Law for all damages suffered by Stardock and caused by their unfair and deceptive practices, as well as all

attorneys' fees, costs and treble damages as per the statute.

## COUNT IV
## INJUNCTIVE RELIEF

53.

For the reasons stated in the supporting Affidavit and this Complaint, Stardock will suffer irreparable harm unless Plaintiffs and Counter-Defendants are barred from misappropriating Stardock's programs, infringing Stardock's copyright, causing confusion as to the origin of Stardock's products, and wrongfully converting Stardock's programs to their own use.

54.

The primary purpose of preliminary injunctive relief is to preserve the status quo, which is the last actual, peaceable, non-contested status which preceded the pending controversy, without injuring the rights of either party, to enable a Court to make a decision on the merits.

55.

The "last actual, peaceable non-contested status" relevant to this dispute was the recognition and protection of Stardock's rights in its valuable intellectual property Counter-Defendants have misappropriated as described in this Complaint.

56.

Stardock is likely to prevail on the merits pertaining to the injunctive relief, as Counter-Defendants brazenly admit to their copying and conversion of Stardock's valuable rights, and seek judicial approval of those illegal activities in their Complaint.

57.

The applicable federal statutes directly authorize injunctive relief. Under 17 USCS § 1203, a federal court may "grant temporary and permanent injunctions on such terms as it deems reasonable"

to prevent or restrain a violation of Sections 1201 or 1202 of the Copyright Act. Federal courts are similarly authorized to enjoin violations of Section 43(a) of the Lanham Act, under 15 USCS § 1116.

58.

Stardock will suffer irreparable harm to its valuable intellectual property rights if Counter-Defendants are permitted to continue using and distributing Stardock's products on the Internet among their customers.

59.

The immediate and irreparable harm suffered by Stardock from its immediate and irreversible loss of its property rights greatly outweighs the potential harm to Counter-Defendants, who need only fairly and fully develop their own proper program to fairly compete with Stardock in the relevant marketplace.

60.

The public interest will benefit from an injunctive order that reinforces the valuable property rights of Stardock earned through its investment and labor, and through requiring Counter-Defendants to produce and develop their own intellectual products and property if they desire to compete with Stardock and others providing valuable products to consumers.

61.

Stardock's remedy at law is inadequate. If Stardock is not granted the requested injunctive relief, its valuable intellectual property rights will be diminished and diluted by Counter-Defendants' illegal activities, in a manner which is largely beyond measurement and compensation in damages.

62.

Stardock is entitled to the injunctive relief it seeks to preserve its valuable products and intellectual property from piracy and conversion that is largely untraceable on the Internet.

**WHEREFORE,** Counter-Plaintiffs respectfully request that this Honorable Court grant them the following relief:

A. Declare that immediate and irreparable injury, loss, or damage will occur if Counter-Defendants are not enjoined from use of Counter-Plaintiff's valuable intellectual property rights.

B. Issue its Order of Preliminary Injunction barring Counter-Defendants from misappropriating and distributing Stardock's IconPackager files and iconsets as part of its offering from their Internet site or elsewhere, and continue that Injunction through the pendency of this case.

C. Enter a Permanent Injunction after trial or other proceeding enjoining Counter-Defendants from misappropriating and distributing Stardock's IconPackager files and iconsets.

D. Declare that Counter-Defendants' use of Stardock's IconPackager packages and theme formats violates Stardock's valuable copyrights and intellectual property rights.

E. Enter Judgment in favor of Counter-Plaintiffs and against Counter-Defendants in the amount of Counter-Plaintiffs' proven damages.

F. Impound and seize the equipment Counter-Defendants use to misappropriate and distribute Stardock's products.

G. Grant Counter-Plaintiffs such other relief as is just and equitable, including statutory costs, interest and fees.

Respectfully Submitted,

DONOHUE PATRICK

_____
KIRK A. PATRICK, III (#19728)
HEATHER A. CROSS (#26249)
HOLLY J. QUICK (#27614)
Post Office Box 1629
Baton Rouge, LA 70821-1629
Telephone: 225-214-1908
*Counsel for Stardock Corporation, Stardock Systems, Inc., and Stardock Software, Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY** certify that a copy of the above and foregoing has this day been served by U.S. mail, postage prepaid, to the following counsel of record:

Stephen G. Bullock
Mark E. Jaffe
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130-3588

Baton Rouge, Louisiana, this ___2___ day of ___Feb.___, 2004.

_____
HEATHER A. CROSS