FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 MAR 23  PM 4: 37

LORETTA G. WHYTE
         CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TGT SOFT CORPORATION AND THOMAS DIMITRI | * * * | CIVIL ACTION |
| Plaintiffs, | * * | NO. 04-0107 |
| VERSUS | * * | SECTION "K(1)" |
| STARDOCK CORPORATION, STARDOCK MEDIA, INC., STARDOCK SOFTWARE, INC., STARDOCK SYSTEMS, INC., AND BRADLEY WARDELL | * * * * * * | JUDGE DUVAL |
| Defendants, | * * | MAGISTRATE JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS DUE TO LACK OF PERSONAL JURISDICTION

Plaintiffs TGT Soft Corporation and Thomas Dimitri ("Dimitri") submit this Memorandum in Opposition to the Motion to Dismiss Due to Lack of Personal Jurisdiction of defendants Stardock Media, Inc. and Bradley Wardell.

Fee_____
Process____
X  Dktd_____
   CtRmDep___
                 16
213938/1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about November 25, 2003, TGT Soft Corporation released the *beta* test version of Style XP 2.0, a computer software product created and owned by TGT Soft Corporation. Pet. ¶ 9 Style XP 2.0 upgraded an earlier version, known as Style XP, by fixing bugs and by supporting boot screens, icon changing, and taskbar transparency, which are new features related to themes. *Id.* On November 26, 2003, Bradley Wardell ("Wardell"), the principal stockholder and officer of Stardock Media, Inc. and the other Stardock companies, Stardock Corporation, Stardock Software, Inc., and Stardock Systems, Inc., initiated an exchange of e-mail correspondence with Dimitri, who is the president of TGT Soft Corporation, in which Wardell alleged that the icon changing feature of Style XP 2.0 violated Stardock's intellectual property rights and violated unfair competition laws. Pet. ¶¶ 2, 13-21.

In the course of an e-mail exchange between Wardell and Dimitri that spanned more than two weeks, Wardell repeatedly threatened to file a lawsuit against Dimitri, a resident of New Orleans, Louisiana, or TGT Soft Corporation, an Arizona corporation with its principal place of business in New Orleans, Louisiana. Pet. ¶¶ 2, 3, 14-21. Wardell consistently referred to "Stardock" in his e-mails to Dimitri, but he never identified on behalf of which Stardock entities he was threatening suit or whether he would be filing suit in his own individual capacity as an officer and stockholder of the Stardock companies. *Id.*

TGT Soft Corporation and Dimitri (collectively, "TGT Soft") filed a Petition for Declaratory Judgment (the "Petition") in the Civil District Court for the Parish of Orleans against Stardock Corporation, Inc, Stardock Systems, Inc, Stardock Software, Inc, Stardock Media, Inc. and Wardell (collectively, the "Defendants") on December 15, 2003. TGT Soft seeks a

declaration that it has no liability – in particular, no liability for violations of unfair competition or intellectual property statutes – to Defendants in connection with the release of TGT Soft's computer software, Style XP 2.0 and IconTranslate.

The Petition asserts that the Court has personal jurisdiction over Defendants because they were transacting business in Louisiana through the sale of their computer software products on commercial websites that they own or operate on the Internet. Pet. ¶¶ 3, 5. Also, Defendants have availed themselves of this forum by their repeated, purposeful contacts with TGT Soft in Louisiana. *Id.*

The Defendants removed the suit to this Court on January 14, 2004, and two of the Defendants, Stardock Media, Inc. ("Stardock Media") and Wardell, filed a Motion to Dismiss Due to Lack of Personal Jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, on February 2, 2004. Meanwhile, Stardock Corporation, Inc, Stardock Systems, Inc, and Stardock Software, Inc, (collectively, the "Stardock Affiliates") filed their Counter-Complaint against TGT Soft on February 2, 2004.

The Stardock Affiliates moved for preliminary injunction against TGT Soft on February 12, 2004 and requested oral argument and an evidentiary hearing, including the presentation of witnesses and documents. The hearing on that motion is set for April 21, 2004. On March 15, 2004, TGT Soft moved for a discovery order and for an expedited hearing on that motion. TGT Soft's motion was granted in part and denied in part by Magistrate Judge Sally Shushan on March 23, 2004. TGT Soft's request for expedited and limited discovery on the issues raised in the motion for preliminary injunction was granted. TGT Soft's request for

expedited jurisdictional discovery from Stardock Media, Inc. and Wardell was denied presumably because the motion is set to be heard in eight days.

## II. LEGAL ANALYSIS

### A. Stardock Media And Wardell Have Sufficient Minimum Contacts With Louisiana For The Court To Exercise Personal Jurisdiction Over Them.

A federal district court sitting in diversity has the same power to exercise personal jurisdiction over a nonresident defendant as the court of the state in which it sits. *Wilson v. Belin*, 20 F.3d 646, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Dornfeld v. Omega Optical, Co.*, 1997 WL 411556, at *1 (E.D. La. Jul. 18, 1997). The reach of federal jurisdiction involves a two-step inquiry: first, the law of the forum state must provide for the assertion of such jurisdiction; and, second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment Due Process Clause. *Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir.1996); *Dornfeld*, 1997 WL 411556, at *1.

Louisiana's long-arm statute permits the exercise of personal jurisdiction as far as the Due Process Clause of the Constitution allows. La. R.S. § 13:3201; *Inversiones Inmobiliarias El Bosque v. Transtainer Corp*, 2004 WL 325615, at *1 (E.D. La. Feb. 12, 2004) (Duval, J.). Under the Due Process Clause, plaintiff must demonstrate that the nonresident defendant "purposefully established minimum contacts within the forum State," and further that the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *Dornfeld*, 1997 WL 411556, at *1. Minimum contacts may give rise to specific jurisdiction, based on contacts which gave rise to the cause of action, or to general jurisdiction, based on contacts which did not give rise to the cause

of action, but where those contacts are "continuous and systematic." *Wilson*, 20 F.3d at 647; *Grabert v. New Palace Casino, L.L.C.*, 2003 WL 21999351, at *2 (E.D. La. Aug. 20, 2003) (Duval, J.); *Dornfeld*, 1997 WL 411556, at *1.

In analyzing the impact of Internet contacts on whether general jurisdiction can be constitutionally exercised over a nonresident defendant, the Fifth Circuit looks to the "nature and quality of commercial activity that an entity conducts over the Internet." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). Personal jurisdiction is proper when "a defendant clearly does business over the Internet by entering into contracts with residents of other states which 'involve the knowing and repeated transmission of computer files over the Internet. . . .'" *Id.* (omitting internal citations).

Applying the *Mink* principles to this case, it is clear that the Court has general jurisdiction over the Stardock companies – and Wardell as the principal stockholder and officer of those companies – that own and operate any of the websites that sell IconPackager to the public because they have conducted business over the Internet. Indeed, discovery would likely show that the Stardock companies have engaged in "continuous and systematic" business transactions with Louisiana residents. That the websites owned and operated by the Stardock companies permit consumers to download and purchase IconPackager on-line is a decisive factor in permitting the Court to exercise general jurisdiction over the Stardock companies.

It remains unclear which of the Stardock companies actually own and operate the websites that sell IconPackager to the public. In an effort to wriggle free of the Court's

jurisdiction and to distance themselves from the Court's long-arm over persons doing business via the Internet, Stardock Media and Wardell submitted the Affidavit of Bradley Wardell Regarding Personal Jurisdiction (the "Wardell Affidavit") in support of the Motion to Dismiss Due to Lack of Personal Jurisdiction.[1]  The Wardell Affidavit, however, raises more questions than it answers.  Wardell avers that he conducts "no *significant* personal or commercial activities" in Louisiana, Wardell Aff. ¶ 3 (emphasis added), implicitly suggesting that he does engage in *some* activities here.  Because Wardell does not describe his allegedly "insignificant" activities in Louisiana, this Court has no way of evaluating the quality or quantity of those contacts.

Similarly, Wardell states that neither he nor Stardock Media owns or operates www.Stardock.com.  Wardell Aff. ¶ 5.  Wardell, however, does not indicate whether he or Stardock own or operate any of the other websites implicated by the claims at issue here, including WinCustomize.com, IconZone.com, ObjectDesktop.net, and SDCentral.net.  Indeed, neither an explanation of Stardock Media's business nor its *raison d'etre* is provided in the Wardell Affidavit, the Motion to Dismiss or in the Memorandum in Support thereof.  While the Wardell Affidavit represents that Wardell himself has "no *significant* personal or commercial activities" in Louisiana, the Wardell Affidavit makes no similar representation relating to Stardock Media.  TGT Soft is left wondering whether Stardock Media has any contacts with Louisiana and, if so, what the extent of those contacts might be.

---

[1] This memorandum will cite to the Affidavit of Bradley Wardell Regarding Personal Jurisdiction as "Wardell Aff. ¶ __."

There can be no doubt that TGT Soft bears the burden of establishing the Court's jurisdiction over nonresident defendants Stardock Media and Wardell. *See Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir.1996), citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.1994). In analyzing the "minimum contacts" of Stardock Media and Wardell with Louisiana, the Court is not restricted to a review of the pleadings; the Court may consider affidavits and other discovery. *Id.* Here, no discovery has been taken by any of the parties, and Stardock Media and Wardell have refused to submit to limited jurisdictional discovery. As a result, TGT Soft has not had the opportunity to depose Wardell or any representative of Stardock Media regarding their contacts with Louisiana. Such discovery would assist the Court in its analysis of Stardock Media's and Wardell's motion to dismiss for lack of personal jurisdiction. *See Dornfeld*, 1997 WL 411556, at *1.

### B. The Fiduciary Shield Doctrine Does Not Bar The Exercise Of Jurisdiction Over Wardell.

Wardell also has asserted the protection of the fiduciary shield doctrine to evade this Court's jurisdiction. Memo. Supp. Mot. Dismiss Lack Pers. Juris. at 9. Contrary to the contention of Stardock Media and Wardell, the fiduciary shield doctrine does not prevent the Court from exercising personal jurisdiction over a corporate officer if the corporate officer had the requisite contacts with the forum state. *See Planet Beach Franchising Corp. v. C3Ubit, Inc.*, 2002 WL 1870007, at *6 (E.D. La. Aug. 12, 2002) (holding that the court had personal jurisdiction over both the corporation and its sole managing officer). Instead, the fiduciary shield doctrine merely holds that jurisdiction over nonresident corporations, such as the Stardock companies, does not necessarily confer jurisdiction over an individual officer of that corporation,

such as Wardell. *Id.* Each defendant's contacts with Louisiana must be assessed individually. *Id.* Here, the contacts that Wardell, as the principal stockholder and officer of Stardock Media and the Stardock Affiliates,[2] had with TGT Soft in Louisiana are identical to those that Stardock Media and the Stardock Affiliates had with Louisiana. The Court's analysis of jurisdiction over Wardell is the same, and, therefore, the fiduciary shield doctrine does not bar the Court from exercising personal jurisdiction over Wardell.

### C. TGT Soft Is Entitled To Conduct Jurisdictional Discovery To Demonstrate The Louisiana Contacts Of Stardock Media And Wardell.

An "opportunity for discovery is required" before the Court rules on a jurisdictional motion. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). As a result, the Court is permitted to defer a ruling on the Motion to Dismiss Due to Lack of Personal Jurisdiction pending discovery on the jurisdictional issue. *See Kelly*, 213 F.3d at 855; *Dornfeld*, 1997 WL 411556, at *2. Here, TGT Soft should be afforded an opportunity to take discovery to establish a *prima facie* case for the exercise of personal jurisdiction over Stardock Media and Wardell based on their contacts with Louisiana. *See Dornfeld*, 1997 WL 511556, at *2. That the Motion to Dismiss Due to Lack of Personal Jurisdiction raises issues of fact also militates in favor of permitting TGT Soft to take jurisdictional discovery of Stardock Media and Wardell. *Kelly*, 213 F.3d at 855.

---

[2] The Stardock Affiliates waived their right to assert a jurisdictional defense when they filed their Counter-Complaint. Memo. Supp. Mot. Dismiss Lack Pers. Juris. at 6-7.

At a minimum, TGT Soft is entitled to an "opportunity" to explore, through discovery, the contacts of Stardock Media and Wardell with Louisiana and the activities of Stardock Media and Wardell in Louisiana. In particular, TGT Soft needs to discover information relating to Stardock Media's relationship to the Stardock Affiliates and the websites that those entities own or operate and information relating to the separateness between Wardell and the Stardock companies. Without exploring Stardock Media's business through jurisdictional discovery, TGT Soft has no way of knowing whether Stardock Media, like the Stardock Affiliates, has purposefully availed itself of the privilege of conducting business in Louisiana.

Similarly, TGT Soft, and the Court, must have an "opportunity" to understand Wardell's role as a principal stockholder and officer of Stardock Media and the Stardock Affiliates. Whether Wardell's contacts with Louisiana on behalf of the Stardock companies give rise to personal jurisdiction over him is a matter that cannot be fully decided without discovery of the interplay between Wardell, as principal stockholder and officer of the Stardock companies, and the Stardock companies themselves. Additionally, the Wardell Affidavit raises issues relating to the activities of Stardock Media and Wardell in Louisiana and relating to whether Stardock Media or Wardell operate or own websites affiliated with www.Stardock.com. These issues cannot be clarified without jurisdictional discovery.

713938/1

### III. <u>CONCLUSION</u>

The Motion to Dismiss Due to Lack of Personal Jurisdiction of Stardock Media, Inc. and Bradley Wardell should be denied for the foregoing reasons.

Respectfully submitted,

_____
Stephen G. Bullock, 3648
Mark E. Jaffe, 27513
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130-3588
Telephone: (504) 581-3200

Attorneys for TGT Soft Corporation and
Thomas Dimitri

### <u>C E R T I F I C A T E</u>

I hereby certify that a copy of the above and foregoing Memorandum in Opposition to Motion to Dismiss Due to Lack of Personal Jurisdiction has been served upon all counsel of record by fax and by placing same in the United States mail, postage prepaid and properly addressed, this 23rd day of March, 2004.

_____
Mark E. Jaffe